IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BENJAMINE A. BEE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-CV-91-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.       Whether the ALJ properly applied the treating physician rule with regard to the opinions of Drs. Walker and Loudermilk.

II.      Whether the ALJ properly discounted Plaintiff's credibility.

III.     Whether the ALJ properly applied the regulations where the assessed RFC fell between two levels of the Grids.

IV.     Whether the ALJ properly determined that Plaintiff's use of a cane was not medically necessary and therefore does not preclude him from performing light duty work.

### Administrative Proceedings

Plaintiff applied for disability insurance benefits August 17, 2011 alleging that he has been disabled to work since February 15, 2011. Tr. 21, ECF No. 8-2.[3] Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an ALJ. The ALJ conducted a hearing on January 17, 2013. *Id*. Following the hearing, the ALJ issued an unfavorable decision on March 12, 2013. Tr. 19-28. The Appeals Council ultimately denied Plaintiff's Request for Review on August 29, 2014. Tr. 1-3. This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case,

---

[3]     This is Plaintiff's second Title II application and arises primarily out of injuries he received on June 29, 2009 when he fell into an exposed manhole while pumping used cooking oil from an underground septic tank as part of his employment. His first application was denied, but he did not pursue administrative remedies available to him under the Social Security Act. At the hearing on this application, now represented by counsel, Plaintiff moved to reopen the previous application and amend the onset date to the date of the accident. Tr. 42. The ALJ failed to rule on the motion either at the hearing or in his written decision.

4

the ALJ determined that Plaintiff had not engaged in substantial gainful activity as defined by the Act since February 15, 2011, the alleged onset date. Tr. 23. The ALJ found that Plaintiff had the severe impairments of anxiety/depression, arthritis of the bilateral knees, osteoarthritis and allied disorders. *Id*. The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of light work with exertional and nonexertional limitations. Tr. 24-25. Plaintiff had past relevant work as a truck driver, septic tank cleaner, material handler, shipping and receiving, and marina utility worker, and the ALJ elicited testimony from a vocational expert (VE) who opined that Plaintiff could not return to his past relevant work. Tr. 27-28. The ALJ further found that Plaintiff was 48 years old on the alleged disability date, which is defined as a younger individual age 18-49, but subsequently changed age category to closely approaching advanced age. Tr. 28. The ALJ found Plaintiff possessed a high school education and the ability to communicate in English. *Id*.

The ALJ determined, applying the Medical-Vocational Rules (Grids) as a framework supports a finding of "not disabled," whether or not Plaintiff has transferable job skills. *Id*. The ALJ also elicited testimony from a vocational expert (VE) that, considering his education, age, work experience, and RFC, there were jobs which existed in significant numbers in the national economy which Plaintiff could perform such as

assembler of small parts, cashier II, information clerk, and assembler of optical lenses. Tr. 28-29. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from February 15, 2011 through the date of the decision. *Id.*

### DISCUSSION

In his brief on appeal, Plaintiff raises four contentions of error. The Court finds that two of them have merit and require remand for further proceedings. First the Court finds merit in Plaintiff's contention that the ALJ erred in assigning "no weight" to the opinions of two treating physicians with extensive longitudinal records of care and treatment, including surgeries and pain management. Second, the Court also finds merit in Plaintiff's contention that the ALJ erred in finding that his use of a cane is not "medically necessary" although the Court does not determine that the required use of a cane renders him "disabled" and therefore entitled to a reversal and award of benefits. Because the Court finds these two issues to require remand, the remaining two are not addressed herein.

**I.      Did the ALJ properly apply the treating physician rule?**

Plaintiff has consistently treated with two medical doctors, Drs. Eric Loudermilk and Wade Walker, since his accident date and since the alleged onset date in this application. Tr. 1290-95. He was operated on by Dr. Alonza Sexton and also has an extensive record of pain management treatment with Dr. Mark Ellis. Tr. 1207-89. A review of the clinical notes by all four treating physicians show Plaintiff to be obese, diabetic and in pain from knee injuries and related surgeries with consistent use of a brace and cane.

The extensive records of treatment by Drs. Loudermilk and Walker are summarized in questionnaires found in Exhibits 22F and 23F. According to his physicians, Plaintiff clinically presents with significant knee pain and uses a cane. Although there is an actual written prescription for a cane and elevated commode in the record before the Court, the prescription itself was not in the record before the ALJ. Tr. 1317. But the records show with consistency the use of a cane by Plaintiff as stated by his treating physicians, and Plaintiff testified that he uses and relies on the cane for ambulation.

The ALJ afforded "no weight" to either Dr. Loudermilk or Dr. Walker, both of whom have treated Plaintiff for a long time. The ALJ stated that he afforded the two treating physicians "no weight" because their opinions are not supported by the objective evidence of record. First, it should be noted that a substantial portion of the evidence of record in Plaintiff's case comes from these two doctors and the surgeon they referred him to for knee surgery and the pain management physician who has treated him since the surgery. The ALJ relies instead on the summary opinion of State agency consultant Arthur Schiff, who merely reviewed the medical record, but to whom the ALJ nonetheless afforded "significant weight." Tr. 753-60, 27. This is impermissible. *Swindle v. Sullivan,* 914 F.2d 222, 226 Fn.3 (11th Cir. 1990); *Johnson v. Barnhart,* 138 F. App'x 266, 270 (11th Cir. 2005). The perfunctory checking of boxes by a records reviewer is not substantial evidence. *Spencer ex rel. Spencer v. Heckler,* 765 F.2d 1090, 1094 (11th Cir. 1985). On remand, the Commissioner should adequately develop the record regarding why two treating physicians with lengthy care histories are entitled to

"no weight" in their opinions of Plaintiff's condition.

## II. Did the ALJ err in considering the medical necessity of Plaintiff's cane?

Plaintiff uses a cane to walk. Notes of clinical presentations to treating physicians include the doctor's observations that Plaintiff uses a cane. Tr. 408, 939, 946. Plaintiff gave extended testimony to his daily and constant reliance on a cane. Tr. 51-61. This evidence is unrebutted. However, the ALJ found there is no evidence the cane is prescribed or medically necessary. Tr. 26. At a minimum, the ALJ should have recontacted the medical sources to fill in the gap in the record as to whether the cane Plaintiff uses has been prescribed or is required for ambulation. *Johnson*, 138 F. App'x at 270-71.[4]

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that Plaintiff's case be REMANDED to the Social Security Commissioner for further proceedings consistent with this opinion.

SO ORDERED, this 30th day of March, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE

---

[4] Alternatively, the Commissioner can on remand order a consultative examination. But the issue of the need for a cane is important in properly assessing Plaintiff's residual functional capacity to work. The Commissioner may also choose to accept the prescription for a cane found in Exhibit 27F. Tr. 1317.